UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

DONTAVIOUS BROWN,

     Plaintiff,

v.                                Case No.  5:19-cv-322-TKW/MJF

FLORIDA DEPARTMENT
OF CORRECTIONS, *et al.*,

     Defendants.

_____/

## REPORT AND RECOMMENDATION

The clerk of the court referred this case to the undersigned upon Plaintiff's failure to respond to the undersigned's order to show cause. For the reasons set forth below, the undersigned recommends that this action be dismissed without prejudice for failure to pay the filing fee and failure to comply with two court orders.[1]

## I.    Background

On September 4, 2019, Plaintiff commenced this civil rights action pursuant to 42 U.S.C. § 1983, against four Defendants: the Florida Department of Corrections ("FDC"), Captain J. Maddox, Classifications Officer Amy Smith, and

---

[1] The case was referred to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b); Fed R. Civ. P. 72(b).

Classifications Officer Martha Jackson. (Doc. 1). Plaintiff simultaneously filed a motion for leave to proceed *in forma pauperis*. (Doc. 2). On October 10, 2019, the undersigned granted Plaintiff's motion for leave to proceed *in forma pauperis* and assessed Plaintiff an initial partial filing fee of $7.50. (Doc. 5). The undersigned ordered Plaintiff to submit the partial filing fee on or before November 12, 2019. (*Id.*). The undersigned warned Plaintiff that failure to comply with that order likely would result in dismissal of this action. On November 14, 2019, Plaintiff filed a motion for extension of time requesting thirty additional days to pay the initial partial filing fee. (Doc. 6). The undersigned granted the motion and set a deadline of December 18, 2019, for Plaintiff to submit the initial partial filing fee. (Doc. 7). Plaintiff did not comply with that order.

On December 31, 2019, the undersigned issued an order directing Plaintiff to show cause, if any, why he failed to comply with the court's order to pay the $7.50 initial partial filing fee. (Doc. 8). The undersigned imposed a deadline of January 21, 2020 to comply. (*Id.*). The undersigned warned Plaintiff that failure to comply with that order likely would result in dismissal of this action. On January 13, 2020, the undersigned's order to show cause was returned as undeliverable. (Doc. 9). As of the date of this report and recommendation, Plaintiff has not paid the $7.50 fee, and has not explained his failure to comply with the undersigned's orders.

## II.    Discussion

The undersigned recommends that Plaintiff's complaint be dismissed in light of Plaintiff's failure to pay the filing fee and his failure to comply with two court orders.

### A.    <u>Failure to Pay the Filing Fee</u>

The Prisoner Litigation Reform Act of 1995, Pub. L. No. 104-134, 110 Stat. 1321 (1996) ("PLRA"), was enacted "[i]n an effort to stem the flood of prisoner lawsuits in federal court." *Harris v. Garner*, 216 F.3d 970, 972 (11th Cir. 2000) (en banc). In pursuit of that goal, the PLRA amended portions of 28 U.S.C. § 1915 to require the payment of filing fees by prisoners proceeding in the district court. *Id.* The PLRA "clearly and unambiguously requires" payment of the filing fee, even if that is done in installments. *Hubbard v. Haley*, 262 F.3d 1194, 1197 (11th Cir. 2001) (quoting 28 U.S.C. § 1915(b)(1)); *see Wilson v. Sargent*, 313 F.3d 1315, 1318 (11th Cir. 2002) (citing 28 U.S.C. § 1915(3)(b)(1)). Thus, a "party who files . . . a civil case must simultaneously either pay any fee required under 28 U.S.C. § 1914 or move for leave to proceed *in forma pauperis*." N.D. Fla. Loc. R. 5.3.

Local Rule 41.1 for the Northern District of Florida provides that the court may dismiss a claim if a party fails to comply with an applicable rule or court order. N.D. Fla. Loc. R. 41.1. But before a court may dismiss an action for failure to pay the filing fee, the court must afford the plaintiff an opportunity to explain the failure.

*See Wilson*, 313 F.3d at 1320-21; *see also Thomas v. Butts*, 745 F.3d 309, 312-13 (7th Cir. 2014). If a prisoner-litigant "does not comply with the district court's directions" to pay the filing fee or complete a motion to proceed *in forma pauperis* nor offers an explanation for his failure to do so, "the district court must presume that the prisoner is not a pauper, assess the entire filing fee, and dismiss the case for want of prosecution." *Bomer v. Lavigne*, 76 F. App'x 660, 661 (6th Cir. 2003).

Here, the undersigned ordered the Plaintiff to pay an initial partial filing fee of $7.50. (Doc. 5). The undersigned warned the Plaintiff that the failure to comply with the court's order likely would result in dismissal of this action. (*Id.*). The undersigned subsequently issued an order to show cause and provided Plaintiff thirty days to explain why he failed to pay the filing fee. (Doc. 8); *See Wilson*, 313 F.3d at 1320-21; *see also Thomas*, 745 F.3d at 312-13. In that order, the undersigned again warned the Plaintiff that his failure to pay the filing fee or explain his failure to comply with the court's previous order likely would result in dismissal of this action. (Doc. 8). Despite these warnings and an opportunity to explain his failure to comply, Plaintiff has neither explained his failure nor paid the filing fee. For this reason, this action should be dismissed without prejudice.

### B.    Failure to Comply with Two Court Orders

The Plaintiff's failure to comply with two court orders is yet another reason to dismiss this case.

"A federal court has at its disposal an array of means to enforce its orders, including dismissal in an appropriate case." *Degen v. United States*, 517 U.S. 820, 827, 116 S. Ct. 1777, 1782 (1996); *see e.g.*, N.D. Fla. Loc. R. 41.1 (authorizing the court to dismiss a claim when a party fails to comply with an applicable rule or court order). "Federal courts possess an inherent power to dismiss a complaint for failure to comply with a court order." *Foudy v. Indian River Cty. Sheriff's Office*, 845 F.3d 1117, 1126 (11th Cir. 2017); *Equity Lifestyle Prop., Inc. v. Florida Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009) ("The court may dismiss a claim if the plaintiff fails to prosecute it or comply with a court order."); *see Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31, 82 S. Ct. 1386, 1388-89 (1962) (noting the inherent power of courts to dismiss an action is not precluded by Fed. R. Civ. P. 41(b)). Courts do not need to wait for a motion to dismiss. Rather, they may *sua sponte* dismiss cases for failure to comply with court orders and for failure to prosecute an action. *Costello v. United States*, 365 U.S. 265, 286-87, 81 S. Ct. 534, 545 (1961) (noting that a district court may *sua sponte* dismiss a complaint for a plaintiff's failure to comply with an order of the court); *Snider v. Melindez*, 199 F.3d 108, 112 (2d Cir. 1999) (noting that the Supreme Court has "long held that courts may dismiss actions on their own motion in a broad range of circumstances").

In recommending dismissal, the undersigned has taken into consideration the following seven factors, among others:

**(1) The duration of Plaintiff's failure to comply.** On November 18, 2019, the undersigned granted Plaintiff's motion for extension of time and ordered Plaintiff to pay the initial partial filing fee. (Doc. 7). The undersigned provided Plaintiff approximately thirty days to comply. Thus, Plaintiff has failed to comply with that order since approximately December 18, 2019.

**(2) Plaintiff's failure to comply with two court orders.** The Plaintiff has failed to comply with two court orders:

    a.    the order issued on November 18, 2019; and

    b.    the order issued on December 31, 2019.

**(3) Plaintiff received notice that failure to act likely would result in dismissal.** The undersigned twice warned Plaintiff that failure to comply with the respective orders likely would result in dismissal. (Docs. 5, 8). *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) ("While dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion."). Despite these warnings, Plaintiff has not complied with the undersigned's orders.

**(4) Plaintiff is not likely to suffer substantial prejudice from the dismissal.** Because dismissal is without prejudice, Plaintiff may elect to refile his claim should he choose to pursue it in the future. Thus, dismissal will not result in substantial prejudice to him.

**(5) The proper balance between alleviating court calendar congestion and protecting Plaintiff's right to due process and a fair chance to be heard.** The Plaintiff has been afforded an opportunity to be heard and has received due process. The court's need to ensure that court orders are obeyed, and the need to dispose of cases that are not being actively prosecuted, outweighs any due process right that Plaintiff may have in this case remaining open.

**(6) The public policy favoring disposition of cases on their merits.** Upon filing a *pro se* complaint, Plaintiff was informed by the clerk of the court that he was required to notify the clerk of the court in writing if Plaintiff's mailing address changed. (Doc. 3). Plaintiff has not notified this court of any change in his address recently. Assuming that his address has changed, Plaintiff's failure to receive and comply with the undersigned's respective orders was entirely Plaintiff's fault. *Gilbert v. Daniels*, 725 F. App'x 789, 792 (11th Cir. 2018) (noting that Plaintiff's "failure to receive the court's prior order, and his failure to comply with that order was 'entirely' his own fault" because he failed to keep the court apprised of his current address").

The orders issued by the undersigned were designed to facilitate the disposition of this case on its merits. Furthermore, the policy favoring a decision on the merits is important, but it does not outweigh the other considerations addressed

herein, such as the court's need to keep cases moving toward a final disposition and the need to ensure compliance with court orders.

**(7) The fact that any lesser sanction would be inefficacious.** Based on Plaintiff's prior conduct, it is likely that Plaintiff would ignore future orders directing Plaintiff to comply. Insofar as he is already incarcerated, it is unlikely that imposition of a fine or a finding of contempt would motivate the Plaintiff. Accordingly, dismissal without prejudice is an appropriate sanction to address the important interests discussed above.

## III.  Conclusion

For the reasons set forth above, the undersigned respectfully

**RECOMMENDS** that:

1.      This action be **DISMISSED** without prejudice for Plaintiff's failure to pay the filing fee and his failure to comply with two court orders.

2.      The clerk of the court be directed to close the case file.

At Panama City, Florida, this 24th day of February, 2020.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

## <u>NOTICE TO THE PARTIES</u>

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636**.